NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERYL TURCO,<br><br>                     Plaintiff,<br><br>v.<br><br>CITY OF ENGLEWOOD, NEW JERSEY,<br><br>                     Defendant. | Case No. 2:15-cv-03008 (SDW)(LDW)<br><br><br>**OPINION**<br><br><br><br>November 14, 2017 |

**WIGENTON**, District Judge.

Before this Court are Plaintiff Jeryl Turco's ("Plaintiff") Motion for Summary Judgment (ECF No. 43) and Defendant City of Englewood, New Jersey's ("Defendant") Cross-Motion for Summary Judgment (ECF No. 44), both pursuant to Federal Rule of Civil Procedure 56. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Cross-Motion for Summary Judgment is **DENIED** as moot.

I. **BACKGROUND**

Plaintiff Jeryl Turco brings the instant civil rights action under 42 U.S.C. § 1983, alleging that Defendant City of Englewood's Ordinance No. 14-11 (the "Ordinance") violates the First Amendment and New Jersey Constitution. (*See generally* ECF No. 1 ("Compl."); ECF No. 43-3.)

**A. The Ordinance**

On March 18, 2014, Defendant enacted the subject Ordinance, which amended Section 307-3, in relevant part, to prohibit any person within the City of Englewood from knowingly entering or remaining:

> on a public way or sidewalk adjacent to a health care facility or transitional facility *within a radius of eight feet* of any portion of an entrance, exit, or driveway . . . or within the area within a rectangle created by extending the outside boundaries of any entrance, exit or driveway of such facility in straight lines to the point where such lines intersect the sideline of the street in front of such entrance, exit, or driveway. This subsection shall not apply to the following:--
> (1) persons entering or leaving such facility;
> (2) employees or agents of such facility acting within the scope of their employment;
> (3) law enforcement, ambulance, firefighting, construction, utilities, public works and other municipal agents acting within the scope of their employment; and
> (4) persons using the public sidewalk or street right-of-way adjacent to such facility solely for the purpose of reaching a destination other than such facility.

*See* Englewood City Code § 307-3 (emphasis added). The Ordinance was created in response to militant activists and aggressive protestors congregating outside of Metropolitan Medical Associates, an abortion clinic located at 40 Engle Street in Englewood, New Jersey ("the Clinic").

Plaintiff is a pro-life advocate who regularly engages in sidewalk counseling of the Clinic's prospective clients. Sidewalk counselors distribute literature and/or rosaries to, and communicate with, clients entering the Clinic. (Compl. ¶ 43.) Plaintiff's objective is to try to engage the Clinic's clients in "quiet, friendly, non-confrontational conversation with a view toward offering them alternatives to abortion." (Pl.'s Statement of Material Facts ("SMF") ¶ 5.) Thus, it is essential to

Plaintiff's form of counseling that she be able to get in close proximity to prospective clients in order to engage in direct, one-on-one communication in front of the Clinic. (*Id*. at ¶ 6.)

The Ordinance establishes a buffer zone that stretches along the Clinic's entrance, exit and driveway. (Compl. ¶¶ 28, 38, 48.) The buffer zone extends eight feet to the left and eight feet to the right of the Clinic's doorway or driveway down to the street. As a result, Plaintiff and others similarly situated are excluded from approximately twenty-four feet on either end of the Clinic, or forty-eight feet in total of the public sidewalk outside the Clinic.

### B. Procedural History

After the Supreme Court in *McCullen v. Coakley*, 134 S. Ct. 2518 (2014), unanimously struck down a statute in Massachusetts that contained language identical to the present Ordinance, Plaintiff filed a Complaint seeking a declaration that the Ordinance is facially unconstitutional and unconstitutional as applied to her. (Compl. ¶ 81.) Plaintiff claims that the buffer zone "chill[s]" her freedom of speech and assembly protected by the First Amendment of the United States Constitution (First & Second Claims for Relief) and by Article I, para. 6 of the New Jersey Constitution (Third Claim for Relief). (Compl. ¶ 55.) Plaintiff seeks to permanently enjoin Defendant, City of Englewood, and those acting in concert or participation with them, from enforcing the Ordinance against Plaintiff and others similarly situated while they use traditional public forums in Englewood. (*Id*. at ¶ 81.)

Plaintiff previously filed a Motion for Preliminary Injunction (ECF No. 15), which this Court held in abeyance while *Bruni v. City of Pittsburgh*, 824 F.3d 353, 362 (3d Cir. 2016) was pending appeal in the Third Circuit. *Bruni* involved the City of Pittsburgh's buffer-zone ordinance, which prohibited the plaintiffs from engaging in sidewalk counseling within fifteen feet of health care facilities. On appeal, the plaintiffs sought review of the District Court's dismissal of their

First Amendment and Due Process claims, which challenged the ordinance as unconstitutional. The Third Circuit vacated the District Court's order dismissing the plaintiffs' First Amendment claims and remanded the case so that the District Court could consider the plaintiffs' claims under the *McCullen* standard. After *Bruni* was decided, this Court granted Plaintiff leave to refile her motion. (ECF No. 28) Plaintiff did not refile her motion and instead requested that the Court enter a discovery schedule. (ECF No. 29.) The instant motions for summary judgment followed.

## II. SUMMARY JUDGMENT STANDARD

The court will grant a motion for summary judgment where, "after adequate time for discovery and upon motion, the 'nonmoving party' fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Rule 56 provides the court with authority to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id*. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp.*, 477 U.S. at 322-23. Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions, or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001).

When deciding a motion for summary judgment, the district court "must credit the evidence of the non-moving party and draw all justifiable inferences" in favor of the nonmoving party. *Smith v. Maiorana*, 629 F. App'x 402, 404 (3d Cir. 2015). The nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23. Further, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. App'x. 548, 554 (3d Cir. 2002).

### III. DISCUSSION

#### A. Section 1983 Analysis

Section 1983 "does not, by itself, confer any substantive rights; it only serves to enforce rights granted under the Constitution or federal law." *Burns v. City of Bayonne*, No. 12-6075,

2014 U.S. Dist. LEXIS 130872, at *22 (D.N.J. Sept. 16, 2014); *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). To establish a prima facie case under § 1983, "a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Mayer v. Gottheiner*, 382 F. Supp. 2d 635, 647 (D.N.J. 2005) (citing *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005)). To establish that a defendant violated a right secured by the Constitution, a plaintiff must demonstrate that the defendant deprived it of such right as charged in the complaint. *Salerno v. O'Rourke*, 555 F. Supp. 750, 757 (D.N.J. 1983); *Downey v. Coalition Against Rape and Abuse, Inc.*, 143 F. Supp. 2d 423, 437 (D.N.J. 2001) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)) (A plaintiff must "identify the exact contours of the underlying right said to have been violated.").

Here, it is undisputed that Defendant, City of Englewood, New Jersey, was acting under the color of state law when it adopted the Ordinance. Additionally, this Court finds that the facts recited above form the basis of Plaintiff's § 1983 claims that the Ordinance violates her rights under the First Amendment and the New Jersey Constitution.

### B. The First Amendment

The First Amendment to the U.S. Constitution provides that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to assemble." U.S. Const. amend. I. Plaintiff alleges that the Ordinance is restrictive under the First Amendment because it deprives "her freedom of speech while in a traditional public forum, including . . . her right to distribute literature and rosaries and have conversations with interested individuals" and "her freedom of assembly and association while in a traditional public forum." (Compl. ¶¶ 71, 75.)

1. **Freedom of Speech**

The Supreme Court has set forth the following three-pronged analysis to determine whether a litigant's free speech rights have been violated under the First Amendment: (1) "whether the speech is protected by the First Amendment;" (2) "determining the nature of the forum;" and (3) "whether the government's justifications for exclusion from the relevant forum satisfy the requisite standard." *Marcavage v. City of Phila.*, 778 F. Supp. 2d 556, 564 (E.D. Pa. 2011) (quoting *Cornelius v. NAACP Legal Defense and Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985)). Plaintiff has submitted facts sufficient to establish the first two prongs under *Cornelius*. Defendant does not challenge the fact that the speech at issue is protected under the First Amendment, or that its Ordinance suppresses speech in a traditional forum. Therefore, this Court considers only whether the government's justifications for exclusion from the relevant forum satisfy the requisite standard, which, in this case, is intermediate scrutiny.

When a statute is content-neutral, courts apply intermediate scrutiny and ask whether it is "narrowly tailored to serve a significant governmental interest." *Bruni*, 824 F.3d at 363-64 (quoting *Madsen v. Women's Health Ctr. Inc.*, 512 U.S. 753, 764 (1994)). The Ordinance is deemed content-neutral because it regulates the place where Plaintiff may engage in sidewalk counseling outside of the Clinic. *See Rappa v. New Castle Cty.*, 18 F.3d 1043, 1053-54 (3d Cir. 1994) (explaining that a statute is content-neutral if it "merely restricts the total quantity of speech by regulating the time, the place, or the manner in which one can speak"). The Ordinance explicitly prohibits any person[1] within the City of Englewood from knowingly entering or remaining "on a public way or sidewalk adjacent to a health care facility or transitional facility *within a radius of*

---

[1] Although the Ordinance carves out exceptions for law enforcement and employees or agents of the facility acting within the scope of their employment, these exceptions do not apply to Plaintiff or others similarly situated. *See* Englewood City Code § 307-3(B)(1)-(4).

*eight feet* of any portion of an entrance, exit, or driveway." *See* Englewood City Code § 307-3 (emphasis added). Importantly, the parties agree that the Ordinance is content-neutral.

The narrowly-tailored requirement guards against both censorship by the government, but also against attempts to silence speech for the sake of convenience. *McCullen*, 134 S. Ct. at 2534-35. By demanding narrowly-tailored means, intermediate scrutiny prevents the government from "too readily sacrificing speech for efficiency." *Id*. (internal quotations omitted). The means employed need not be the least restrictive or least intrusive options available. However, in light of the First Amendment interests at stake, the government is required to demonstrate "its serious consideration of, and reasonable decision to forego, alternative measures that would burden substantially less speech." *Bruni*, 824 F.3d at 367. Moreover, it is the government's burden to show that alternative measures would fail to achieve the government's interests, "not simply that the chosen route is easier." *Id*. (internal quotations omitted). For the reasons set forth below, this Court finds that the Ordinance is not narrowly tailored to serve a significant government interest.

### i. The Ordinance is Overbroad[2]

Defendant did not create a targeted statute to address the specific issue of congestion or militant and aggressive protestors outside of the Clinic. Instead, Defendant created a sweeping regulation that burdens the free speech of individuals, not just in front of the Clinic, but at health care and transitional facilities citywide. To meet the narrowly-tailored requirement, Defendant must create an Ordinance that targets the exact wrong it seeks to remedy. *See Frisby v. Schultz*, 487 U.S. 474, 485 (1988) ("[A] statute is narrowly tailored if it targets and eliminates no more than the exact source of the evil it seeks to remedy."). Here, Defendant did not create the

---

[2] Defendant's argument, that Plaintiff's overbreadth claim was never asserted in her Complaint and is premature, is without merit. (Def.'s Opp'n Br. at 32.) Based on the allegations in her Complaint, this Court finds that Plaintiff did assert that the Ordinance was overbroad. (*See* Compl. ¶¶ 66, 69.)

Ordinance with reasonable specificity to target the aggressive conduct taking place in front of the Clinic. *See Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971). Moreover, because the record is devoid of any evidence of congestion or militant and aggressive protestors congregating outside of other health care and transitional facilities in Englewood, the Ordinance is overbroad. *See Stevens*, 559 U.S. at 473 (holding that a statute is overbroad and unconstitutional under the First Amendment where "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep"). Applying the Supreme Court's reasoning in *McCullen*, it can hardly be argued that the Ordinance is narrowly tailored. As in *McCullen*, the Ordinance creates a buffer zone around *all* health care facilities in the City, despite the fact that the evidence shows that the Ordinance was adopted in response to protestors outside of one specific health care facility – the Clinic. On this ground alone, Defendant's Ordinance violates the First Amendment.

### ii. Less Restrictive Means Were Available

As an initial matter, Defendant bears the burden to show that alternative measures would fail to achieve its goal. *Bruni*, 824 F.3d at 367. Defendant's attempt to place the burden on Plaintiff to show she has not been affected is misplaced. Defendant did not employ alternative, less restrictive means that were available. Instead, Defendant puts forth speculative assertions that it tried and/or seriously considered less restrictive alternatives, such as increased police presence and injunctive relief, prior to adoption of the amended Ordinance. (Def.'s Opp'n Br. at 23-34.) Even "drawing all justifiable inferences in favor of Defendant," the record does not support that Defendant seriously tried or considered any less restrictive alternatives. *Smith*, 629 F. App'x at 404. Defendant does not "point to concrete evidence" that it seriously considered alternative measures, and reasonably rejected them. *Black Car Assistance Corp.*, 351 F. Supp. 2d at 386; *see also McCullen*, 134 S. Ct. at 2539. Indeed, Defendant did not prosecute any protestors for

activities taking place on the sidewalk outside of the Clinic in the five years prior to the adoption of the Ordinance; and Defendant did not seek injunctive relief against individuals whose conduct was the impetus for the Ordinance.

Moreover, Defendant fails to provide any reliable documentation or support for its assertion that although it "increased patrols of the . . . Clinic on Saturday mornings and on weekends . . . the City did not have the resources to have a continuous [police] presence at the site." (Def.'s Opp'n Br. at 28.) At deposition, Defendant's City Manager, Timothy J. Dacey, admitted that the City never undertook a cost study to determine the resources the City would need to pay for additional police coverage in front of the Clinic. (Dacey Dep. at 14:11-15:12.) Thus, Defendant cannot make a good-faith argument that it seriously considered and employed alternative measures before adopting the Ordinance.

For the foregoing reasons, the Ordinance violates the First Amendment.[3] Plaintiff's motion for summary judgment as to her freedom of speech claim under the First Amendment is granted.

### 2. Freedom of Assembly

The right to freely assemble on the public street and sidewalks is also afforded maximum constitutional protection. *McTernan v. City of York, PA.*, 564 F.3d 636, 645 (2009). As described above, courts apply intermediate scrutiny to content-neutral statutes when assessing whether the statute violates the First Amendment. Because this Court finds that the Ordinance is not narrowly tailored, Plaintiff's motion for summary judgment as to her freedom of assembly claim is granted.

---

[3] This Court notes that the size of the buffer zone is not dispositive because Defendant has failed to meet its burden and show that the Ordinance is narrowly tailored to serve a legitimate governmental interest.

### C. New Jersey Constitution

For all of the reasons set forth in this Court's analysis under the First Amendment of the U.S. Constitution, the Ordinance also violates the New Jersey Constitution. N.J. Const. art. I, para. 6; *Twp. of Pennsauken v. Schad*, 733 A.2d 1159, 1169 (N.J. 1999). Like the U.S. Constitution, the N.J. Constitution protects freedom of speech from government interference. N.J. Const. art. I, para. 6 ("Every person may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of that right. No law shall be passed to restrain or abridge the liberty of speech or of the press."). Because the New Jersey Constitution is "generally interpreted as co-extensive with the First Amendment, federal constitutional principles guide the [c]ourt's analysis." *Schad*, 733 A.2d at 1159. Therefore, Plaintiff's motion for summary judgment as to her freedom of speech claim under the New Jersey Constitution is granted.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is **GRANTED**. Defendant's Cross-Motion for Summary Judgment is hereby **DENIED** as moot. An appropriate Order follows this Opinion.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Magistrate Judge Leda D. Wettre
             Parties